UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: )<br>)<br>AMERCO, )<br>)<br>      Debtor, )<br>_____ )<br>)<br>THE SAYERS GROUP, )<br>)<br>      Appellant, )<br>)<br> v. )<br>)<br>AMERCO, )<br>)<br>      Apellee. )<br>_____ )  | 03:05-CV-00285-LRH (VPC)<br><br>ORDER |

Presently before the Court is an appeal (# 14[1]) from a final order of the Bankruptcy Court. Amerco has filed an answer (# 15) and the Sayers Group replied (# 18).

**I.  Factual and Procedural Background**

This is an appeal of the final order of the United States Bankruptcy Court, which determined that Appellant did not properly file its Class Claim so that it may form the basis of an allowed claim against the Reorganized Debtors' estates.  In addition to the bankruptcy proceeding, there is a related class action lawsuit (the "Securities Litigation") against Amerco and certain of its

---

[1]Refers to Court's Docket number.

subsidiaries, officers, and directors, which alleges various violations of United States securities laws. Four separate class actions were initially filed in the United States District Court for the District of Nevada. However, on August 27, 2003, the actions were consolidated into one action as the Securities Litigation. Since the initiations of that litigation, the Sayers Group has amended its complaint. The amended complaint, however, does not name Amerco or Amerco Real Estate Company as defendants due to the automatic stay provisions of the bankruptcy code.[2]

Amerco is the parent company of U-Haul International, Inc., which operates the nation's largest one-way truck and trailer rental and self-storage business. The Sayers Group initially consisted of three holders of Amerco common stock and a holder of Series A Preferred Common Stock issued by Amerco. However, on December 2, 2003, the three holders of Amerco common stock withdrew from the Securities Litigation, leaving only one member of the proposed class.

Amerco and Amerco Real Estate company filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, on June 20, 2003, and August 14, 2003, respectively. On November 10, 2003, the Sayers Group filed a Class Claim as a general unsecured claim in an unspecified amount to recover damages for securities law violations relating to the Securities Litigation. On February 20, 2004, the Bankruptcy Court entered an order confirming the Appellee's First Amended Joint Plan of Reorganization. The Plan of Reorganization became effective on March 15, 2004.

On April 29, 2004, Appellee filed its objection to the Class Claim asserting that, among other things, Appellant failed to comply with the procedural requirements for a class claim. The parties subsequently agreed to limit the issue in front of the Bankruptcy Court to whether the Sayers Group properly filed the Class Claim. On November 8, 2004, the Bankruptcy Court heard oral argument and determined that the Class Claim was not properly filed.

---

[2]Amerco was named as a defendant when the original class action was filed.

## II. STANDARD OF REVIEW

This court reviews the Bankruptcy Court's findings of fact for clear error. Fed. R. Bankr. P. 8013; *In re Britton*, 950 F.2d 602, 604 (9th Cir. 1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Bankruptcy Court's conclusions of law are reviewed de novo. *In re Britton*, 950 F.2d at 604.

## III. Discussion

The issue for the court to decide on appeal is whether the Sayers Group complied with the procedural requirements for filing a class proof of claim. Rule 7023 of the Federal Rules of Bankruptcy Procedure governs class proceedings. Fed. R. Bankr. P. 7023. Rule 7023 states that rule 23 of the Federal Rules of Civil Procedure is applicable in adversary proceedings. *Id*. There is no dispute that an adversary proceeding was not involved in the present case. Bankruptcy rule 9014 states that in any "contested matter in a case under the Code not otherwise governed by these rules . . . [t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014. Bankruptcy rule 7023 is included in Part VII. *See* Fed. R. Bankr. P. Therefore, the Bankruptcy Court may apply rule 7023, and thus rule 23 of the Federal Rules of Civil Procedure, in any adversary proceeding or contested matter. The Bankruptcy Judge has discretion under rule 9014 to decide whether to apply Rule 7023 in a contested matter. Fed. R. Bankr. P. 9014; *In re American Reserve Corp.*, 840 F.2d 487, 494 (7th Cir. 1988).

Although the Federal Rules of Bankruptcy Procedure do not define "contested matter," the 1983 Advisory Committee Notes state, "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." Fed. R. Bankr. P. 9014 advisory committee note (1983). When rule 23 of the

Federal Rules of Civil Procedure is applied, "the court must – at an early practicable time – determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c).

In the case sub judice, the Bankruptcy Court held that the Sayers Group did not properly file the Class Claim.  In making that determination, the Bankruptcy Court stated that, "[g]iven the unusual nature of these Chapter 11 cases and the relationship between the District Court action and the Class Claim, it was incumbent upon the Sayers Group to seek some form of relief in this Court before the Plan was confirmed, either by way of filing a motion under Bankruptcy Rule 9014, or by seeking relief from the automatic stay or withdrawal of the reference to permit the District Court Action to proceed."  In other words, the Bankruptcy Court essentially determined that the Sayers Group had the burden of filing a motion pursuant to rule 9014 to have the Bankruptcy Court apply rule 7023 to the proceedings or to seek some other form of relief prior to the filing of the objection to the class claim and the plan confirmation.  In making this determination, the Bankruptcy Court implicitly found that a motion pursuant to rule 9014 would have been considered a contested matter.

In this appeal, Appellant argues, pursuant to *The Certified Class in the Chartered Securities Litigation v. The Charter Co.*, 876 F.2d 866 (11th Cir. 1989), that it could not have moved to certify the class until the Claim Objection was filed because there was no "contested matter" for purposes of applying rule 9014 prior to the filing of the objection.  Appellant also argues that it could not have successfully moved for relief from the automatic stay nor could it have withdrawn the reference in order to certify the Class in the Securities Litigation.  Appellee, on the other hand, argues that the majority of courts have found that "an objection to a class proof of claim is not a prerequisite to the claimant's filing of a motion under Bankruptcy Rule 9014 to apply Rule 23 to the purported class claim."  Appellee also argues that Appellant could have taken other steps such as seeking relief from the automatic stay or seeking to withdraw the reference in order to allow the District Court action to proceed.

4

In determining when a party is permitted to move the Bankruptcy Court to apply Bankruptcy Rule 7023 in a contested matter, courts have taken two principle approaches. The minority view, advocated by Appellant, states that a claimant cannot make a Bankruptcy Rule 9014 motion to request the application of Bankruptcy Rule 7023 until an objection is made to a proof of claim. *The Charter Co.*, 876 F.2d at 874. "Prior to that time, invocation of Rule 23 procedures would not be ripe, because there is neither an adversary proceeding nor a contested matter." *Id.*

The majority of courts, however, have determined that Bankruptcy Rule 7023 can be invoked prior to the filing of an objection to a proof of claim. *In re American Reserve Corp.*, 840 F.2d at 488; *In re Amdura Corp.*, 170 B.R. 445, 449 (D. Colo. 1994); *Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 311 (E.D. La. 1992 ); In *re Ephedra Products Liability Litigation*, 329 B.R. 1, 5-7 (Bankr. S.D.N.Y. 2005); In *re Woodward & Lothrop Holdings*, 205 B.R. 365 (Bankr. S.D.N.Y. 1997); *In re Chatequgay Corp.*, 104 B.R. 626, 634 (Bankr. S.D.N.Y. 1989) (declining to decide the issue but "seriously question[ing]" whether the alternative position is correct). These courts, with the exception of *In re Woodward & Lothrop Holdings*,[3] have essentially determined that the filing of a proof of claim is a "stage" in a contested matter. *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988); *In re Amdura Corp.*, 170 B.R. at 449; *Wilson*, 141 B.R. at 311. Therefore, according to these courts, Bankruptcy Rule 9014 authorizes a bankruptcy court to exercise its discretion to invoke Rule 7023 after the filing of a proof of claim. *Id*.

Upon consideration of these positions, the court agrees with the majority view and finds that

---

[3]*In re Woodward & Lothrop Holdings* outlines a third approach for determining when a party must seek to apply rule 23. 205 B.R. 365. In that case, Bankruptcy Judge Bernstein noted that "[t]he initial decision to apply Rule 23 in a contested matter raises a 'chicken and egg' paradox." 205 B.R. at 369. Bankruptcy Judge Bernstein stated that rule 23 could not be applied except in a contested matter and was of the opinion that the filing of claim did not create a contested matter. *Id*. To resolve this problem, Judge Bernstein looked to the language of rule 23 and determined that the class representative must move for prompt certification so that the court can make an expeditions determination of whether a matter may proceed as a class action. *Id*. at 370. Therefore, Judge Bernstein bypassed the requirement of having a contested matter by looking at the provisions of rule 23 and requiring a party to timely seek the application of rule 23.

a contested matter is created upon the filing of the Class Claim. Although this premise is debatable,[4] the court believes it is the best approach considering the importance of timely moving for class certification in bankruptcy cases. "As the case moves toward its conclusion, it is more likely that a delay in resolving the certification issue will interfere with the administration of the estate." *In re Woodward & Lothrop Holdings*, 205 B.R. at 370. Moreover, the alternative approach, advocated by Appellant and *The Charter Co.*, Would allow debtors "with interests adverse to a class claim [to] prevent the claimant from asking the bankruptcy court to apply Rule 23 simply by withholding their objections until the eve of confirmation and then move to expunge the class claim on the ground that applying Rule 23 would unduly delay distribution." *In re Ephedra Products Liability Litigation*, 329 B.R. at 6. Therefore, the Bankruptcy Court did not err in determining that the Sayers Group could have moved the court to apply Bankruptcy Rule 7023 prior to the filing of an objection.

In addition to arguing that it could not have sought class certification prior to the objection, Appellant argues that the Bankruptcy Court, and the cases cited above in support of the majority view, failed to take into account the impact of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. Parties subject to the PSLRA cannot pursue discovery while motions to dismiss are pending. 15 U.S.C. § 78u-4(b)(3)(B). Therefore, Appellant argues it could not have sought discovery relevant to class certification or moved for class certification in the Securities Litigation. Appellant contends that "[i]t is unrealistic to expect Appellant to have moved for class certification during the period when class discovery was not permitted." In making this argument, Appellant relies on *In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y 2002) for the proposition that a plaintiff cannot use bankruptcy proceedings to bypass a PSLRA stay.

The court does not find this argument persuasive. In *In re Enron Corp.*, the court denied

---

[4] *In re Woodward & Lothrop Holdings*, 205 B.R. at 370 n.5; 10 Lawrence P. King, *et al.*, Collier on Bankruptcy § 7023.01 (15th ed. rev. 1996).

6

1  the requested discovery because the party seeking discovery was attempting to use the bankruptcy
2  proceeding in order to conduct discovery in the underlying securities action and "not for the
3  purpose of asserting their rights as a party in interest in this bankruptcy case." 281 B.R. at 844.
4  The negative inference from the *In re Enron Corp.* court's finding is that discovery in a bankruptcy
5  proceeding, notwithstanding the PSLRA, is permitted for the purpose of asserting rights as a party
6  in interest in the bankruptcy case. *See id.* Therefore, *In re Enron Corp.* does not support an
7  argument that Appellant could not have sought class certification with the Bankruptcy Court.

8  Although Appellant argues that "discovery necessary to proceed with class certification
9  would have been vehemently objected to by the non-debtor defendants in the Securities Litigation,"
10 Appellant has not cited any authority indicating that such discovery would not be permissible in the
11 bankruptcy proceeding. It therefore appears that the PSLRA stay in the Securities Litigation would
12 not have prevented Appellant from seeking class certification in the bankruptcy action.
13 Furthermore, as stated by the Bankruptcy Court below, Appellant could have sought relief from the
14 stay. Although it is not clear whether such relief would have been granted, the burden was on
15 Appellant to timely seek to certify the class action. And, as discussed previously, Appellant could
16 have sought such certification after the filing of the proof of claim. Therefore, the court finds that
17 the Bankruptcy Court did not err in concluding that the class claim was improperly filed based
18 upon the Sayer Group's failure to timely seek class certification before the plan confirmation.

19 IT IS THEREFORE ORDERED that the final decision of the United States Bankruptcy
20 Court is hereby AFFIRMED.

21 IT IS SO ORDERED.

22 DATED this 24th day of January, 2005.

25 _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE